Edward M. Fox
Eric T. Moser
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
(212) 536-3900

Proposed Counsel for Debtors,
The Brown Publishing Company, *et al.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| THE BROWN PUBLISHING COMPANY, | : | Case No. 10-73295 (AST) |
| Debtor. | : | |

----------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DAN'S PAPERS, INC., | : | Case No. 10-73291 (AST) |
| Debtor. | : | |

----------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| BROWN MEDIA HOLDINGS COMPANY, | : | Case No. 10-73292 (AST) |
| Debtor. | : | |

----------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| BOULDER BUSINESS INFORMATION, INC., | : | Case No. 10-73297(AST) |
| Debtor. | : | |

----------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| BROWN BUSINESS LEDGER, LLC, | : | Case No. 73298 (AST) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| BROWN PUBLISHING INC., LLC, | : | Case No. 10-73299 (AST) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| BUSINESS PUBLICATIONS, LLC, | : | Case No. 10-73300 (AST) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| THE DELAWARE GAZETTE COMPANY, | : | Case No. 10-73302 (AST) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SC BIZ NEWS, LLC, | : | Case No. 10-73303 (AST) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| TEXAS COMMUNITY NEWSPAPERS, INC., | : | Case No. 10-73304 (AST) |
| Debtor. | : | |

|  |  |  |
|---|---|---|
| In re: | : : | Chapter 11 |
| TEXAS BUSINESS NEWS, LLC, | : : | Case No. 10-73305 (AST) |
| Debtor. | : : |  |
| In re: | : : | Chapter 11 |
| TROY DAILY NEWS, INC., | : : | Case No. 10-73306 (AST) |
| Debtor. | : : |  |
| In re: | : : | Chapter 11 |
| UPSTATE BUSINESS NEWS, LLC, | : : | Case No. 10-73307 (AST) |
| Debtor. | : : |  |
| In re: | : : | Chapter 11 |
| UTAH BUSINESS PUBLISHERS, LLC, | : : | Case No. 10-73308 (AST) |
| Debtor. | : : |  |
| In re: | : : | Chapter 11 |
| ARG, LLC, | : : | Case No. 10-73309 (AST) |
| Debtor. | : : |  |

**DEBTORS' MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION
OF THEIR CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(B)**

The Brown Publishing Company ("BPC") and its debtor subsidiaries (collectively, the "Debtors"),[1] by and through their undersigned counsel, hereby move (the "Motion") for entry of

---

[1] The Debtors are The Brown Publishing Company, Brown Media Holdings Company, ARG, LLC, Business Publications, LLC, Troy Daily News, Inc., The Delaware Gazette Company, Brown Publishing, Inc., LLC, Dan's Papers, Inc., Texas Community Newspapers, Inc, SC Biz News, LLC, Utah Business Publishers, LLC, Brown

3

an order authorizing the Debtors to jointly administer their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtors rely on the Declaration of Roy Brown, President and Chief Executive Officer of the Brown Publishing Company and Brown Media Holdings Company In Support of Debtors' Chapter 11 Petitions and First Day Pleadings, which is being filed contemporaneously herewith, and respectfully state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 1015(b).

**Background**

4. On April 30, 2010 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing these chapter 11 cases. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. BPC is a privately held community news and information corporation, organized under the laws of the State of Ohio, that has grown to become one of the largest newspaper publishers in Ohio. In 2007, certain shareholders of BPC created Brown Media Holdings Company ("BMH" and together with the remaining Debtors, "Brown"), a corporation organized under the laws of the State of Ohio, to acquire certain business publications in New York, Ohio,

---

Business Ledger, LLC, Texas Business News, LLC, Upstate Business News, LLC, and Boulder Business Information, Inc.

4

Iowa and Texas. Through the first half of 2008, Brown continued to acquire publications outside of Ohio in, among other places, South Carolina, Texas, Colorado, and Arizona.

6. Brown currently publishes fifteen (15) paid daily papers, thirty-two (32) paid weekly newspapers, eleven (11) paid business publications, forty-one (41) free newspapers, shoppers and niche publications and fifty-one (51) newspaper and niche websites. Brown also operates a substantial commercial printing operation, several event businesses and a stand alone database management company. Brown owns geographically diverse newspapers located in urban, suburban and rural markets and commands a strong competitive position within each of these markets.

7. Brown's publications have a very loyal readership, provide in-depth local market coverage and possess high audience penetration rates and a high demographic quality of readers. Brown's publications, therefore, are an attractive and cost-effective means for advertisers to reach targeted customers.

**Relief Requested**

8. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

**Basis for Relief Requested**

9. Bankruptcy Rule 1015(b) allows this Court to order joint administration "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate . . . Fed. R. Bankr. P. 1015(b).

10. The Debtors are "affiliates" as that term is defined under 11 U.S.C. § 101(2). Accordingly, this Court is authorized to grant the relief requested herein. Section 101(2) of the Bankruptcy Code defines "affiliates" to include the following:

(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities –

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not exercised such power to vote;

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not exercised such power to vote . . .

11 U.S.C. §101(2).

11. BPC owns 100% of the equity interests of: (a) Troy Daily News, Inc., (b) the Delaware Gazette Company, (c) ARG, LLC, (d) Utah Business Publishers, LLC, (e) Texas Business News, LLC, (f) Brown Business Ledger, LLC and (g) Upstate Business News, LLC. BPC owns 86% of the equity interests of SC Biz News, LLC.

12. BMH, which is owned by certain shareholders of BPC, owns 100% of the equity interests of: (a) Dan's Papers, Inc., (B) Texas Community Newspapers, Inc., (c) Brown Publishing Inc., LLC and (d) Boulder Business Information Inc.

13. Joint administration will eliminate the need to draft, replicate, file and serve duplicative notices, applications and orders and will, therefore, save the Debtors and their estates considerable time and expense. Joint administration will additionally allow the Office of the Clerk of the United States Bankruptcy Court for the Eastern District of New York (the "Clerk" or the "Clerk's Office") to use a single docket for all of the Debtors' chapter 11 cases, enable the Clerk to combine notices to the creditors and parties in interest in the Debtors' respective chapter 11 cases, and relieve the Clerk from entering duplicative orders and maintaining duplicative files and dockets.

14. Joint administration will also benefit the United States Trustee for the Eastern District of New York (the "U.S. Trustee") and other parties in interest by sparing them the time and expense associated with reviewing duplicative pleadings and papers and enabling them to stay apprised of all the various matters before the Court.

15. Numerous motions, applications and other pleadings are expected to be filed in these chapter 11 cases that will affect each of the Debtors as well as their creditors and other parties in interest. Joint administration will allow counsel to the various parties in interest to use a single caption for the many pleadings that will be filed and served in these chapter 11 cases.

16. Joint administration will not adversely affect the rights of any of the Debtors' creditors because this Motion seeks the consolidation of the Debtors' estates for procedural purposes only. This Motion does not seek substantive consolidation. Accordingly, each creditor may still file its claim against a particular Debtor's estate.

17. Finally, the entry of an order granting joint administration has been granted in numerous cases in this District and is generally non-controversial. See, e.g., In re Changing World Technologies, Inc., Case No. 09-71487 (AST) (Bankr. E.D.N.Y. April 16, 2009); In re

Caritas Health Care, Inc., Case Nos. 09-40901 (CEC) (Bankr. E.D.N.Y. Feb. 10, 2009); In re the Brooklyn Hospital Center, Case No. 05-26990 (CEC) (Bankr. E.D.N.Y. Sept. 30, 2005).

18. Accordingly, the Debtors respectfully request that the caption of their chapter 11 cases be modified as follows:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
In re:                                             :         Chapter 11
                                                   :
THE BROWN PUBLISHING             :         Case No. 10-73295 (AST)
COMPANY, *et al.*,                         :
                                                   :         (Jointly Administered)
     Debtors.                                 :
---------------------------------------------------------X

19. The Debtors also seek the Court's directive that a separate docket entry be made on the docket of each of the Debtors' chapter 11 cases, substantially similar to the following:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of The Brown Publishing Company, Brown Media Holdings Company, ARG, LLC, Business Publications, LLC, Troy Daily News, Inc., The Delaware Gazette Company, Brown Publishing, Inc., LLC, Dan's Papers, Inc., Texas Community Newspapers, Inc, SC Biz News, LLC, Utah Business Publishers, LLC, Brown Business Ledger, LLC, Texas Business News, LLC, Upstate Business News, LLC, and Boulder Business Information, Inc. The docket in the chapter 11 case of The Brown Publishing Company, Inc., Case No. 10-73295 (AST) should be consulted for all matters affecting this case.

20. For the foregoing reasons, the Debtors submit that the relief requested herein is necessary, appropriate, and in the best interest of the Debtors, their creditors and their estates and that the Motion should therefore be granted.

8

**Notice**

21. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Eastern District of New York; (ii) those creditors holding the 20 largest unsecured claims against each of the Debtors; (iii) the Office of the United States Attorney for the Eastern District of New York; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; and (vi) counsel to the agents for the Debtors' pre-petition secured lenders.

**No Prior Request**

22. No previous request for the relief sought in this Motion has been made before this or any other Court.

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, granting the relief requested herein and any other and further relief that the Court deems just and proper.

Dated: New York, New York
April 30, 2010

          K&L GATES LLP

          By:   /s/ *Edward M. Fox*
              Edward M. Fox
              A Member of the Firm
          Proposed Counsel for Debtors,
          The Brown Publishing Company, Inc., *et al.*
          599 Lexington Avenue
          New York, New York 10022
          (212) 536-3900