# **EXHIBIT A**

Declaration of Edward M. Fox

Edward M. Fox
Eric T. Moser
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
(212) 536-3900

Proposed Counsel for Debtors,
The Brown Publishing Company, *et al.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
In re:                                                                    :        Chapter 11
                                                                             :
THE BROWN PUBLISHING                              :        Case No. _____
COMPANY, *et al.*,                                           :
                                                                             :        (Jointly Administered)
            Debtors.                                              :
---------------------------------------------------------X

**DECLARATION OF EDWARD M. FOX IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF K&L GATES LLP AS BANKRUPTCY COUNSEL, *NUNC PRO TUNC* AS OF THE PETITION DATE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 1107(a), FED. R. BANKR. P. 2014(a) AND 2016(b), AND LOCAL BANKRUPTCY RULE 2014-1**

I, Edward M. Fox, hereby declare as follows:

1.       I am an attorney at law admitted to practice in the State of New York, the federal courts within the State of New York, including this Court, and am a partner of the law firm of K&L Gates LLP ("K&L Gates"), which maintains offices for the practice of law at, among other locations, 599 Lexington Avenue, New York, New York 10022.

2.       This Declaration is submitted in support of the above-captioned debtors and debtors in possession (collectively, the "Debtors") application (the "Application") for entry of an order authorizing the retention and employment of K&L Gates as general bankruptcy counsel pursuant to sections 327(a) and 1107(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et*

*seq*. (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"). The facts set forth herein are personally known to me and, if called as a witness, I could and would competently testify thereto.

3. K&L Gates is an international law firm, with a national and international practice, and has significant experience in effectively all aspects of the law that may arise in these chapter 11 cases including bankruptcy, commercial transactions, employee benefits, commercial litigation, finance, intellectual property, labor and employment, real estate, mergers and acquisitions, tax and environmental matters.

4. K&L Gates' Bankruptcy & Restructuring Practice Group consists of approximately 60 attorneys practicing in offices throughout the United States and overseas.

5. K&L Gates is also familiar with the Debtors business, having worked with Brown on various matters both related to and unrelated to their restructuring prior to the Petition Date. K&L Gates' professionals have worked closely with the Debtors' management and, as a result, are well-acquainted with the Debtors' corporate history, debt structure, business and litigation matters, and other major operational issues. As a result of this experience, K&L Gates has developed substantial knowledge concerning the Debtors that will enable its lawyers to provide effective and efficient services in these chapter 11 cases.

**Services Rendered for Brown Prior to the Petition Date**

6. Prior to the Petition Date, K&L Gates advised Brown on four litigation matters, assisted Brown in its efforts to avoid filing for bankruptcy relief, and assisted Brown in preparing for its bankruptcy filings.

## Terms and Conditions of K&L Gates' Retainer

7. Prior to the Petition Date, Brown had agreed to provide K&L Gates with an initial retainer of $100,000.00, which was later increased to $350,000.00 (the "Pre-Petition Retainer"). K&L Gates would provide an invoice to Brown for K&L Gates' services in the previous month and would deduct the invoice amount from the Pre-Petition Retainer. Upon receipt of K&L Gates' invoice, Brown agreed to promptly replenish the Pre-Petition Retainer by the amount of the invoice so that the retainer always remained at the agreed-upon level.

## K&L Gates' Compensation and Charges

8. Subject to Court approval in accordance with sections 330(a) and 331 of the Bankruptcy Code, compensation will be payable to K&L Gates on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred and regularly charged by K&L Gates.

9. The standard hourly rates for K&L Gates' partners, associates, and paralegals that are likely to perform work in connection with these chapter 11 cases are as follows:[1]

| **Professional** | **Rates** |
|---|---|
| Partners | $675 - $935 |
| Associates | $290 - $550 |
| Paralegals | $260 - $300 |

10. These rates are set at a level designated to fairly compensate K&L Gates for the work of its attorneys and paralegals, and to cover fixed and routine overhead expenses. These rates are the standard rates charged by K&L Gates for work performed for other clients on

similar matters and are customary rates in the industry for attorneys with similar experiences and expertise.

11. K&L Gates' ordinary and customary charges include, without limitation, telephone and telecopier tolls and other charges, mail and express mail charges, special or hand delivery charges, photocopying, travel expenses, computerized research, transcription costs, and non-overhead expenses, including overtime relating to the specific needs of these chapter 11 cases. Subject to Court approval, K&L Gates will bill for legal services in accordance with its ordinary and customary rates in effect on the date services are rendered.

12. In the one year prior to the Petition Date, K&L Gates received advances from the Debtor in the total amount of $970,919.08 (including the Pre-Petition Retainer), and billed the Debtor for fees and expenses totalling $620,919.08. Of that amount, $551,778.19 represented fees and expenses incurred for services rendered in connection with Brown's restructuring efforts.

13. As of the Petition Date, K&L Gates still mantains a retainer in the amount of $350,000.00, which represents advanced security for services to be rendered in connection with the Debtors' chapter 11 cases.

## Disclosure Concerning Disinterestedness

14. To the best of the my knowledge, K&L Gates has not provided legal advice or representation to any other entity having a claim or interest adverse to the Debtors in connection with these chapter 11 cases nor, at any material time, provided legal advice or representation to any other entity in connection with a matter adverse to the Debtors.

---

[1] These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

15. At my direction, K&L Gates has searched its client data base which contains the identity of all the firm's present and former clients (the "Client List"), and has compared the Client List with the list of the Debtors' 1250 creditors, to determine whether K&L Gates represents or has ever represented, any of the Debtors' creditors or any other parties in interest in any capacity. K&L Gates identified approximately 483 persons or entities that it currently represents in unrelated matters, or may have previously represented. To the best of my knowledge, however, those prior representations were wholly unrelated to the Debtors or these chapter 11 cases. The names of such creditors or affiliates of such creditors of the Debtors, none of which represent more than 1% of K&L Gates' overall revenue, are set forth in Schedule 1 attached hereto.

16. K&L Gates will not represent any party, whether or not listed on attached Schedule 1, in connection with any matter adverse to the Debtors or their bankruptcy estates.

17. Given the large number of creditors and other parties in interest that may be involved in these cases, K&L Gates may have represented additional creditors or other parties in interest in matters wholly unrelated to these chapter 11 cases while K&L Gates engaged in the process of identifying these prior representations. We have informed the Debtors that we will conduct an ongoing review of our files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, K&L Gates will supplement its disclosure to the Court.

18. Insofar as I have been able to ascertain, K&L Gates, including its partners, counsel and associates:

    a. Are not creditors, equity security holders or insiders of the Debtors;

    b. Are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and

    c. Do not have an interest materially adverse to the interests of the Debtors, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interests in the Debtors, or for any other reason.

  19. Notwithstanding the foregoing, various employees of K&L Gates may have business associations with certain creditors or equity security holders of the Debtors, or other parties in interest in these chapter 11 cases, which have no connection with K&L Gates' representation of the Debtors.

  20. To the best of my knowledge, neither K&L Gates nor any partner or associate thereof has provided legal advice to an investment banker in connection with the offer, sale, or issuance of a security of the Debtors.

  21. To the best of my knowledge, K&L Gates does not have any connections with any judge within the Eastern District of New York, including judges within the Bankruptcy Court, the United States Trustee or with any person employed in the Office of the United States Trustee.

  22. To the best of my knowledge, other than as described herein, K&L Gates has not previously rendered any professional services to the Debtors.

  23. K&L Gates has not shared or agreed to share with any other person the compensation paid or to be paid by the Debtors in connection with these chapter 11 cases other than pursuant to normal compensation arrangements among the members and employees of K&L Gates.

  24. I believe that K&L Gates, and each partner and associate thereof, is a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14) and 327(a), as modified by 11 U.S.C. § 1107(b), except to the extent K&L Gates may be deemed not "disinterested" with respect to matters disclosed in this Declaration.

25. To the extent that K&L Gates subsequently discovers any facts bearing on this Declaration or its representation of the Debtors, this Declaration will be supplemented and those facts will be fully disclosed to this Court.

26. I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

/s/ *Edward M. Fox*
Edward M. Fox