Edward M. Fox
Eric T. Moser
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
(212) 536-3900

Proposed Counsel for Debtors,
The Brown Publishing Company, *et al.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
In re:                                           :        Chapter 11
                                                 :
THE BROWN PUBLISHING                             :        Case No. _____
COMPANY, *et al*.,                               :
                                                 :        (Joint Administration Requested)
        Debtors.                                 :
---------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 1007 AND LOCAL RULE 1007-1 GRANTING AN EXTENSION OF TIME WITHIN WHICH THE DEBTORS MUST FILE: (A) A STATEMENT OF FINANCIAL AFFAIRS AND (B) SCHEDULES OF (I) ASSETS AND LIABILITIES, (II) CURRENT INCOME AND EXPENDITURES AND (III) EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Brown Publishing Company ("BPC") and its debtor subsidiaries (collectively, the "Debtors"),[1] by and through their undersigned counsel, hereby move (the "Motion"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1(b) of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), for entry of an order extending the deadline by which the Debtors must file their statement of financial affairs (the "Statements") and their schedules of (i) assets and liabilities,

---

[1] The Debtors are The Brown Publishing Company, Brown Media Holdings Company, ARG, LLC, Business Publications, LLC, Troy Daily News, Inc., The Delaware Gazette Company, Brown Publishing, Inc., LLC, Dan's Papers, Inc., Texas Community Newspapers, Inc, SC Biz News, LLC, Utah Business Publishers, LLC, Brown Business Ledger, LLC, Texas Business News, LLC, Upstate Business News, LLC, and Boulder Business Information, Inc.

(ii) current income and expenditures and (iii) executory contracts and unexpired leases (collectively, the "Schedules"), through and including May 31, 2010 (an extension of approximately 15 days). In support of this Motion, the Debtors rely on the Declaration of Roy Brown, President and Chief Executive Officer of the Brown Publishing Company and Brown Media Holdings Company In Support of Debtors' Chapter 11 Petitions and First Day Pleadings, which is being filed contemporaneously herewith, and respectfully state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 521 of the Bankruptcy Code, Bankruptcy Rule 1007 and Local Rule 1007-1(b).

**Background**

4. On April 30, 2010 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing these chapter 11 cases. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. BPC is a privately held community news and information corporation, organized under the laws of the State of Ohio, that has grown to become one of the largest newspaper publishers in Ohio. In 2007, certain shareholders of BPC created Brown Media Holdings Company ("BMH" and together with the remaining Debtors, "Brown"), a corporation organized under the laws of the State of Ohio, to acquire certain business publications in New York, Ohio,

Iowa and Texas. Through the first half of 2008, Brown continued to acquire publications outside of Ohio in, among other places, South Carolina, Texas, Colorado, and Arizona.

6. Brown currently publishes fifteen (15) paid daily papers, thirty-two (32) paid weekly newspapers, eleven (11) paid business publications, forty-one (41) free newspapers, shoppers and niche publications and fifty-one (51) newspaper and niche websites. Brown also operates a substantial commercial printing operation, several event businesses and a stand alone database management company. Brown owns geographically diverse newspapers located in urban, suburban and rural markets and commands a strong competitive position within each of these markets.

7. Brown's publications have a very loyal readership, provide in-depth local market coverage and possess high audience penetration rates and a high demographic quality of readers. Brown's publications, therefore, are an attractive and cost-effective means for advertisers to reach targeted customers.

**Relief Requested**

8. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as Exhibit A, extending the deadline by which the Debtors must file their Statements and Schedules through and including May 31, 2010 (an extension of approximately 15 days), pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rule 1007 and Local Rule 1007-1(b). Moreover, the Debtors request that any extension be granted without prejudice to the Debtors' rights to seek additional extensions by this Court for cause shown.

**Basis for Relief Requested**

9. Bankruptcy Rule 1007(c) generally requires the Debtors to file their Schedules and Statements with the petition for relief or within 14 days after the Petition Date. See Fed. R.

Bankr. P. 1007(c). However, Bankruptcy Rule 1007(c) also authorizes this Court to grant an extension of time for the filing of the Debtors' Schedules and Statements on a motion for "cause shown." See Id.

10. Prior to the Petition Date, the Debtors expended a substantial amount of time attending to matters related to their chapter 11 filing. Specifically, the Debtors' limited management and personnel devoted their time to addressing issues relating to negotiations with the Debtors' pre-petition lenders, negotiating possible post-petition financing arrangements and attending to other time sensitive matters that are required for the filing of a chapter 11 reorganization of this size and complexity. Due to the size and complexity of the Debtors' businesses, the intricacy of the Debtors' financial affairs, and the limited personnel and management available to attend to the task of filing the Debtors' chapter 11 petitions, the Debtors were unable to devote the necessary resources to completing the Debtors' Statements and Schedules before the Petition Date.

11. The Debtors believe they will have an excess of 1250 claims filed against them and will require significant time to review their documentation to determine the Debtors' liabilities to these creditors and to compile a complete list of the Debtors' executory contracts.

12. Accordingly, the Debtors submit that sufficient cause exists to extend the deadlines within which the Debtors must file their Statements and Schedules and respectfully request an extension of the Debtor's deadlines within which to file the Debtors' Statements and Schedules for approximately 15 days, through and including May 31, 2010.

13. Finally, the entry of an order granting extensions of a debtor's deadlines within which to file Statements and Schedules have been routinely granted in chapter 11 cases of this size and complexity in this and other districts. See, e.g., In re Caritas Health Care, Inc., Case

Nos. 09-40901 (CEC)-09-40909 (CEC) (Bankr. E.D.N.Y. Feb. 10, 2009); In re Victory Memorial Hospital, Case No. 06-44387 (CEC) (Bankr. E.D.N.Y. Nov. 17, 2006); In re International Total Services, Inc., Case No. 01-21812 (DTE) (Bankr. E.D.N.Y. Sept. 14, 2001); In re Flushing Hospital and Medical Center, Case No. 98-17475 (CEC) (Bankr. E.D.N.Y. June 2, 1998); In re Old Carco LLC, Case No. 09- 50002 (AJG ) (Bankr. S.D.N.Y. May 4, 2009).

14. For the foregoing reasons, the Debtors submit that the relief requested herein is necessary, appropriate, and in the best interest of the Debtors, their creditors and their estates and that the Motion should therefore be granted.

**Notice**

15. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Eastern District of New York; (ii) those creditors holding the 20 largest unsecured claims against each of the Debtors; (iii) the Office of the United States Attorney for the Eastern District of New York; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; and (vi) counsel to the agents for the Debtors' pre-petition secured lenders.

**No Prior Request**

16. No previous request for the relief sought in this Motion has been made before this or any other Court.

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, extending the time within which the Debtors must file their Statements and Schedules through and including May 31, 2010, without prejudice to the

Debtors' rights to seek additional extensions of such deadlines for cause shown, and grant such other and further relief that the Court deems just and proper.

Dated: New York, New York
April 30, 2010

        K&L GATES LLP


        By: /s/ *Edward M. Fox*
         Edward M. Fox
         A Member of the Firm
        Proposed Counsel for Debtors,
        The Brown Publishing Company, Inc., *et al.*
        599 Lexington Avenue
        New York, New York  10022
        (212) 536-3900