**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**
900 Third Avenue, 16th Floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 Facsimile
Michael D. Warner, Esq. (*Admitted Pro Hac Vice*)
John H. Drucker, Esq. (JD-2524)

Proposed Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | § Chapter 11 |
| THE BROWN PUBLISHING COMPANY, et al.,[1] | § Case No. 10-73295 (DTE) |
| Debtors. | § (Jointly Administered) |

**APPLICATION FOR ORDER PURSUANT TO SECTIONS
327 AND 1103 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 2014 APPROVING RETENTION OF
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The duly-appointed Official Committee of Unsecured Creditors (the "Committee") for the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby applies for an order, pursuant to Sections 327 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing it to retain Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz" or the "Firm") as counsel for the Committee effective May 26, 2010, in connection with the above captioned Chapter 11 cases (the "Chapter 11 Cases"). In support of

---

[1] The Debtors are The Brown Publishing Company, Brown Media Holdings Company, ARG, LLC, Business Publications, LLC, Troy Daily News, Inc., The Delaware Gazette Company, Brown Publishing, Inc., LLC, Dan's Papers, Inc., Texas Community Newspapers, Inc, SC Biz News, LLC, Utah Business Publishers, LLC, Brown Business Ledger, LLC, Texas Business News, LLC, Upstate Business News, LLC, and Boulder Business Information, Inc.

this Application, the Committee relies on the Declaration of John H. Drucker, dated June 9, 2010 (the "Drucker Declaration"), attached hereto as Exhibit A. In further support of this Application, the Committee respectfully represents as follows:

## BACKGROUND

1. On April 30 and May 1, 2010 (collectively, the "Petition Date"), the Debtors each filed their voluntary petition for relief under the Chapter 11 the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and their properties as Debtors-in-Possession. No trustee or examiner has been appointed in these cases.

2. On May 25, 2010, the United States Trustee, pursuant to Section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases. The seven Members appointed to the Committee were: (1) James Roche with GSO/Blackstone Debt Funds Management, LLC; (2) Dan Pevonka with R.R. Donelley & Sons Company; (3) Dave Tomlin with The Associated Press ("AP"); (4) Richard and Deborah Connor; (5) Christian Collins with Panaprint, Inc.; (6) James C. Barragan, Jr., with J. Culley Imaging; and (7) Carmen J. Danze with AFL Web Printing.

3. Following its appointment, the Committee met and decided on May 26, 2010, that it wished to employ the firm of Cole Schotz as its bankruptcy counsel to advise and represent it in these cases.

4. On June 7, 2010, AP voluntarily resigned from the Committee.

48374/0001-6774992v2

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of these proceedings is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6. This Application is made by the Committee for an order, pursuant to Sections 327 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Committee to retain and employ Cole Schotz as its counsel effective May 26, 2010.

## COLE SCHOTZ'S QUALIFICATIONS AND SERVICES TO BE PROVIDED

7. The Committee seeks to retain Cole Schotz as its counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. Accordingly, the Committee believes that Cole Schotz is well qualified and able to represent it in these Chapter 11 Cases in an efficient and timely manner.

8. The professional services Cole Schotz anticipates to render to the Committee include any legal services that the Committee may consider desirable to discharge the Committee's responsibilities and further the interests of the Committee's constituents in these Chapter 11 Cases. It is expected that Cole Schotz's services may include, without limitation, assisting, advising and representing the Committee with respect to the following:

    a. The administration of the Chapter 11 Cases and the exercise of oversight with respect to the Debtors' affairs including all matters handled by the Committee in these Chapter 11 Cases;

    b. The preparation on behalf of the Committee of necessary applications, motions, memoranda, orders, reports and other legal papers;

  c. Appearances in Court and at statutory meetings of creditors to represent the interests of the Committee;

  d. The negotiation, formulation, drafting and confirmation of a plan or plans of reorganization and matters related thereto;

  e. Such investigation, if any, as the Committee may desire concerning, among other things, the assets, liabilities, financial condition and operating issues concerning the Debtors that may be relevant to these Chapter 11 Cases;

  f. Such communication with the Committee's constituents and others as the Committee may consider desirable in furtherance of its responsibilities; and,

  g. The performance of all of the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as are in the interests of those represented by the Committee.

## PROFESSIONAL COMPENSATION

9. Cole Schotz has indicated its willingness to serve as counsel to the Committee and to receive compensation and reimbursement in accordance with its standard billing practices for services rendered and expenses incurred on behalf of the Committee, in accordance with the provisions of Sections 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court. Cole Schotz's billing practices and rates are summarized below and are consistent with those generally governing Cole Schotz's representation of its other clients.

10. The principal Cole Schotz attorneys expected to represent the Committee in this matter and their current hourly rates are: Member Michael D. Warner ($575 per hour), Member Laurence May ($675 per hour), Member John H. Drucker ($675 per hour), and Associate Rachel Obaldo ($350 per hour). In addition, other attorneys and para-professionals may, from time to

time, provide services to the Committee in connection with these Chapter 11 Cases. The range of Cole Schotz's hourly rates for its attorneys and paralegals is as follows:

| | |
|---|---|
| Members and Special Counsel | $335 - $700 per hour |
| Associates | $210 - $415 per hour |
| Paralegals | $140 - $220 per hour |

The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate fairly the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Cole Schotz's hourly rates are subject to periodic adjustment from time to time in accordance with the Firm's established billing practices and procedures.

11. In addition to the hourly rates set forth above, it is Cole Schotz's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier (outgoing only) toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of 10¢ per page, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, computerized research, and transcription costs. Cole Schotz will charge the estates for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and the Local Rules.

12. The Committee submits that such rates are reasonable and should be approved by the Court subject to a determination of the amount to be paid to Cole Schotz in accordance with the rules and Orders of the Court.

## DISINTERESTEDNESS OF PROFESSIONALS

13. The Committee believes that Cole Schotz does not hold or represent an interest that is adverse to the Committee or the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtors herein, their creditors or any party-in-interest herein in the matters upon which Cole Schotz is to be retained as more fully described in the Drucker Declaration. Therefore, to the best of the Committee's knowledge and based upon the Drucker Declaration, Cole Schotz is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code.

14. Based upon all of the foregoing, the Committee believes that the employment of Cole Schotz as counsel to the Committee is appropriate and in the best interest of the Committee.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Committee respectfully requests that the Court enter an order authorizing (i) the Committee's retention of Cole Schotz as its counsel effective May 26, 2010, (ii) the payment and reimbursement of Cole Schotz's fees and disbursements, subject to interim and final allowance thereof in accordance with Sections 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court, and (iii) granting such other and further relief as may be just and proper.

Dated: June 10, 2010

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE BROWN PUBLISHING COMPANY, ET AL.

By: _____
LEE SHAIMAN, AUTHORIZED SIGNATORY FOR
GSO/Blackstone Debt Funds Management, LLC
JAMES ROCHE
GSO/Blackstone Debt Funds Management, LLC
Committee Co-Chairperson

By: _____
RICHARD CONNOR
Committee Co-Chairperson

WHEREFORE, the Committee respectfully requests that the Court enter an order authorizing (i) the Committee's retention of Cole Schotz as its counsel effective May 26, 2010, (ii) the payment and reimbursement of Cole Schotz's fees and disbursements, subject to interim and final allowance thereof in accordance with Sections 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court, and (iii) granting such other and further relief as may be just and proper.

Dated: June 10, 2010

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE BROWN PUBLISHING
COMPANY, ET AL.

By: _____
JAMES ROCHE
GSO/Blackstone Debt Funds Management, LLC
Committee Co-Chairperson

By: _____
RICHARD CONNOR
Committee Co-Chairperson

# **EXHIBIT A**

**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**
900 Third Avenue, 16th Floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 Facsimile
Michael D. Warner, Esq. (*Admitted Pro Hac Vice*)
John H. Drucker, Esq. (JD-2524)

Proposed Attorneys for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | § Chapter 11 |
| THE BROWN PUBLISHING COMPANY, et al.,[1] | § Case No. 10-73295 (DTE) |
| Debtors. | § (Jointly Administered) |

**DECLARATION OF JOHN H. DRUCKER IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO SECTIONS 327 AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 APPROVING RETENTION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

I, JOHN H. DRUCKER, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am an attorney at law admitted to practice before this Court and a Member of the law firm of Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz" or the "Firm"), which maintains offices for the practice of law at 900 Third Avenue, 16th Floor, New York, New York

---

[1] The Debtors are The Brown Publishing Company, Brown Media Holdings Company, ARG, LLC, Business Publications, LLC, Troy Daily News, Inc., The Delaware Gazette Company, Brown Publishing, Inc., LLC, Dan's Papers, Inc., Texas Community Newspapers, Inc, SC Biz News, LLC, Utah Business Publishers, LLC, Brown Business Ledger, LLC, Texas Business News, LLC, Upstate Business News, LLC, and Boulder Business Information, Inc.

10022. The Firm also maintains offices in Hackensack, New Jersey, Wilmington, Delaware, Baltimore, Maryland, and Fort Worth, Texas

2.  This Declaration is submitted in support of the *Application for Order Pursuant to Sections 327 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 Approving Retention of Cole, Schotz, Meisel, Forman & Leonard, P.A. as Counsel to the Official Committee of Unsecured Creditors* (the "Application").

3.  I submit this Declaration in accordance with Sections 327 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.  Unless otherwise stated in this Declaration, the facts set forth are personally known to me and, if called as a witness, I could and would testify thereto.

5.  To determine its relationship with parties in interest in these Chapter 11 Cases (as such term is defined in the Application), Cole Schotz has researched its client database to determine whether it has any relationships with the entities that were identified to Cole Schotz, including (i) the Debtors and non-debtor affiliates, (ii) the current and former directors and officers of the Debtors, (iii) each of the Debtor's twenty largest unsecured creditors, (iv) the prepetition lenders to the Debtors, (v) the professionals retained by the Debtors outside of the ordinary course of business, (vi) parties to significant litigation with the Debtors, and (vii) entities in which the Debtors holds equity investments. All of these entities were searched through Cole Schotz's computer system, and the list of the entities was circulated to all attorneys at Cole Schotz to determine whether Cole Schotz has any relationship therewith.

6. Based on the Firm's review, Cole Schotz (a) does not hold or represent any interest adverse to the Debtors' estates in matters upon which it is to be engaged, and (b) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code.

7. Without obtaining appropriate waivers, if necessary, Cole Schotz will not represent the Committee in a lawsuit, adversary proceeding or contested matter against any current client. In addition, Cole Schotz will not represent any client on any matter involving the Debtors while retained as the Committee's counsel in these Chapter 11 Cases.

8. In light of the extensive number of creditors and other parties in interest in these Chapter 11 Cases, neither I nor Cole Schotz are able to conclusively identify all potential relationships. To the extent Cole Schotz discovers any facts bearing on the matters described herein during the period of Cole Schotz's retention, Cole Schotz undertakes to amend and supplement the information contained in this Declaration to disclose such facts.

9. The services to be rendered include all those services set forth in the Application.

10. Cole Schotz is willing to serve as counsel to the Committee and to receive compensation and reimbursement in accordance with its standard billing practices for services rendered and expenses incurred on behalf of the Committee, in accordance with the provisions of Sections 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court. Cole Schotz's billing practices and rates are summarized below and are consistent with those generally governing Cole Schotz's representation of its other clients.

11. The principal Cole Schotz attorneys expected to represent the Committee in this matter and their current hourly rates are: Member Michael D. Warner ($575 per hour), Member

Laurence May ($675 per hour), Member John H. Drucker ($675 per hour), and Associate Rachel Obaldo ($350 per hour). In addition, other attorneys and para-professionals may, from time to time, provide services to the Committee in connection with these Chapter 11 Cases. The range of Cole Schotz's hourly rates for its attorneys and paralegals is as follows:

| | |
|---|---|
| Members and Special Counsel | $335 - $700 per hour |
| Associates | $210 - $415 per hour |
| Paralegals | $140 - $220 per hour |

The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate fairly the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Cole Schotz's hourly rates are subject to periodic adjustment from time to time in accordance with the Firm's established billing practices and procedures.

12. In addition to the hourly rates set forth above, it is Cole Schotz's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier (outgoing only) toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of 10¢ per page, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, computerized research, and transcription costs. Cole Schotz will charge the estates for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and the Local Rules.

13. Neither Cole Schotz, nor any member, counsel, or associate thereof, has shared, or agreed to share (a) compensation it has received or may receive in these Chapter 11 Cases

with another party or person, other than with the members, counsel, and associates of Cole Schotz, or (b) any compensation another person or party has received or may receive in these Chapter 11 Cases. No promises have been made or received by Cole Schotz, or by any member, counsel, or associate thereof, as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

Date: June 9, 2010

/s/ John H. Drucker

John H. Drucker

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>THE BROWN PUBLISHING<br>COMPANY, et al.,[1]<br><br>     Debtors. | § <br>§ Chapter 11<br>§<br>§ Case No. 10-73295 (DTE)<br>§<br>§ (Jointly Administered)<br>§<br>§ |

**ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO SECTIONS
327 AND 1103 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 2014 APPROVING RETENTION OF
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon the application dated June 10, 2010, (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") for the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order under 11 U.S.C. §§ 327 and 1103, and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as counsel to the Committee in the Debtors' Chapter 11 Cases; and upon the Declaration of John H. Drucker in Support of the Application for Order Authorizing Employment and Retention of Cole, Schotz, Meisel, Forman & Leonard, P.A. as Counsel to the Official Committee of Unsecured Creditors; and this Court having found that:

(i)  The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334.

(ii)  This is core proceeding pursuant to 28 U.S.C. § 157.

---

[1] The Debtors are The Brown Publishing Company, Brown Media Holdings Company, ARG, LLC, Business Publications, LLC, Troy Daily News, Inc., The Delaware Gazette Company, Brown Publishing, Inc., LLC, Dan's Papers, Inc., Texas Community Newspapers, Inc, SC Biz News, LLC, Utah Business Publishers, LLC, Brown Business Ledger, LLC, Texas Business News, LLC, Upstate Business News, LLC, and Boulder Business Information, Inc.

(iii) The proposed retention of Cole Schotz as counsel to the Committee is in the best interests of the Committee, the Debtors' respective estates, their respective creditors and other parties-in-interest.

(iv) Cole Schotz does not hold or represent interests adverse to the Committee or the Debtors' estates.

(v) Proper and adequate notice of the Application has been given and that no other further notice is necessary.

THEREFORE, IT IS HEREBY ORDERED THAT

1. The Application is granted in all respects.

2. The Committee is authorized to retain Cole Schotz as its counsel effective as of May 26, 2010, pursuant to Bankruptcy Code §§ 327 and 1103, and as generally described in the Application and the Declaration of John H. Drucker.

3. Cole Schotz shall be compensated for services rendered to the Committee, including fees and expenses incurred, pursuant to the filing of appropriate applications for allowance of interim and final compensation in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and any other Order entered by this Court establishing procedures for the interim compensation and reimbursement of expenses of professionals retained herein; and

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

Dated: June ___, 2010

_____
United States Bankruptcy Judge