**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 Facsimile
Michael D. Warner, Esq. (TX Bar No. 792304)
John H. Drucker, Esq. (JD-2524)
Laurence May, Esq. (LM-9714)

Attorneys for the Official Committee of
Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE BROWN PUBLISHING COMPANY, et al.,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 10-73295 (DTE)<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BROWN PUBLISHING COMPANY, et al.,<br><br>                Plaintiff,<br><br>                - against -<br><br>PNC BANK, N.A., INDIVIDUALLY AND AS ADMINISTRATIVE AND COLLATERAL AGENT, PRUDENTIAL INSURANCE COMPANY OF AMERICA, ALLIED IRISH BANKS PLC, and BROWN BROTHERS HARRIMAN & CO., AND WELLS FARGO BANK, NATIONAL ASSOCIATION<br><br>                Defendants. | Adversary Complaint No. _____ |

---

[1] The Debtors are The Brown Publishing Company, Brown Media Holdings Company, ARG, LLC, Business Publications, LLC, Troy Daily News, Inc., The Delaware Gazette Company, Brown Publishing, Inc., LLC, Dan's Papers, Inc., Texas Community Newspapers, Inc., SC Biz News, LLC, Utah Business Publishers, LLC, Brown Business Ledger, LLC, Texas Business News, LLC, Upstate Business News, LLC, and Boulder Business Information, Inc.

# ADVERSARY COMPLAINT TO AVOID FRAUDULENT TRANSFERS

# PRELIMINARY STATEMENT

1. This Adversary Proceeding is brought by the Official Committee of Unsecured Creditors of The Brown Publishing Company, Inc., et al. (the "Committee"), pursuant to 11 U.S.C. §§ 544 and 550 and Article 10 of the New York Debtor and Creditor Law, to avoid and recover obligations incurred by, and or funds paid by, Brown Media Holdings Company ("Brown Media"), and its debtor subsidiaries, Dan's Papers, Inc., Texas Community Newspapers, Inc., Business Publications, Inc., Brown Publishing Inc., LLC and Boulder Business Informations Inc. (Brown Media and its debtor subsidiaries are collectively referred to as the "Brown Media Group"). The debt, obligations, liens, encumbrances and security interests which the Committee seeks to avoid and recover (collectively, the "Obligations") were incurred by the Brown Media Group pursuant to an Amended and Restated First Lien Credit Agreement dated September 19, 2007 (the "First Lien Credit Agreement", a copy of which is attached hereto as Exhibit "A"). Unless otherwise defined in this Complaint, capitalized terms utilized in this Complaint shall have the meanings ascribed to them in the First Lien Credit Agreement. The Obligations, which upon information and belief exceeded $72 million as of the Petition Date (as hereinafter defined), were joint and several as to each member of the Brown Media Group and were incurred in favor of the above captioned defendants (the "Defendants" or "Lenders") for no consideration.

2. On April 30, 2010 and May 1, 2010 (collectively the "Petition Date") the Brown Media Group, and The Brown Publishing Company and certain of its direct and indirect subsidiaries, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code ( the Chapter 11 Cases" or " Cases"). All of the Debtors in these Cases remain in possession of their assets and are operating as debtors in possession pursuant to chapter 11 of the Bankruptcy Code.

2

3. The Chapter 11 Cases of the Brown Media Group are being administered jointly with the chapter 11 Cases of The Brown Publishing Company, ARG, LLC, Troy Daily News, Inc., The Delaware Gazette Company, SC BIZ News, LLC, Utah Business Publications, LLC, Brown Business Ledger, LLC, Texas Business News LLC and Upstate Business News, LLC (hereinafter referred to as the "<u>Other</u> <u>Debtors</u>").  The Other Debtors and the Brown Media Group are not affiliated other than that certain of the individuals who are the shareholders of The Brown Publishing Company may also be shareholders of Brown Media.

## BACKGROUND FACTS, PARTIES AND JURISDICTION

4. Plaintiff, the Committee, was appointed as an official committee pursuant to 11 U.S.C. § 1102 by the United States Trustee for the Eastern District of New York on May 24, 2010.  The Committee selected Cole, Schotz, Meisel, Forman & Leonard, P.A. to serve as counsel and Argus Management Corporation to serve as financial advisor.

5. Pursuant to paragraph 13 of the Final Order Pursuant to Sections 105, 361, 366 and 363 Authorizing The Use of Cash Collateral and Granting Adequate Protection, signed on July 2, 2010, Docket No. 199 (the "Final Cash Collateral Order"), the United States Bankruptcy Court for the Eastern District of New York (the "<u>Bankruptcy</u> <u>Court</u>") granted the Committee authority "to commence an adversary proceeding … on behalf of … any of the estates of the Debtors against the Agent or the Lenders for the purpose of challenging the amount, validity, extent, priority, perfection, and enforceability of the Prepetition Obligations … including but not limited to any claims for preferences, fraudulent conveyance or other claims arising under the Bankruptcy Code or applicable state or federal law." Similar authority was granted by the Bankruptcy Court pursuant to paragraph 21 of the Final Order Authorizing Secured Post-Petition Financing On A Superpriority Basis Pursuant to §364 Of The Bankruptcy Code, dated July 2, 2010, Docket No. 200 (the "Final DIP Financing Order").

3

6. Defendant PNC Bank, N.A. ("PNC") is, upon information and belief, a national banking association doing business in New York. PNC is the successor to National City Bank, N.A. as the Administrative and Collateral Agent and a Lender under the First Lien Credit Agreement.

7. Prudential Insurance Company of America ("Prudential") is, upon information and belief, a corporation organized under the laws of the United States doing business in New York. Prudential is a Lender under the First Lien Credit Agreement.

8. Allied Irish Bank PLC ("AIB") is, upon information and belief, a public liability company doing business in New York. AIB is a Lender under the First Lien Credit Agreement.

9. Brown Brothers Harriman & Co. ("BBH") is, upon information and belief, a corporation organized under the Laws of the United States with its principal place of business in New York City. BBH is a Lender under the First Lien Credit Agreement.

10. Wells Fargo Bank, National Association ("Wells") is, upon information and belief, a corporation organized under the Laws of the United States doing business in New York City. Wells is a Lender under the First Lien Credit Agreement.

11. The Bankruptcy Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 544(a), 550 and 551. This Adversary Proceeding is brought pursuant to Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure which apply to proceedings to determine the validity, priority or extent of a lien or other interest in property.

12. This matter constitutes a core proceeding pursuant to, *inter alia*, 28 U.S.C. §§ 157(b)(2)(A), (B), (F), (K) and (D).

13. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

14. On or about September 19, 2007, the Other Debtors and the members of the Brown Media Group all executed the First Lien Credit Agreement with the Lenders, as defined

therein.

15. The First Lien Credit Agreement states that the Other Debtors, referred to therein as the "Existing Borrowers," were parties to a pre-existing credit agreement dated June 29, 2006. Pursuant to the terms of that pre-existing credit agreement, as of September 19, 2007, the Other Debtors had borrowed and owed the Defendants approximately $75 million.

16. In or about the same period, i.e. September, 2007, Brown Media was formed by certain of the shareholders of The Brown Publishing Company as a vehicle to acquire certain business publications in New York, Ohio, Iowa and Texas.

17. In or about the same period, i.e. September, 2007, Brown Media secured a separate $33 million acquisition loan facility from a different group of lenders and used the proceeds from that facility to acquire some or all of the entities and assets within the Brown Media Group. These acquisitions were highly leveraged and upon information and belief little or no equity capital was used to pay any portion of the purchase prices.

18. Notwithstanding the fully leveraged balance sheet of the Brown Media Group, each of the Brown Media Group entities signed the First Lien Credit Agreement, agreeing thereby to be jointly and severally obligated under the First Lien Credit Agreement to satisfy over $75 million of pre-existing debt owed by the Other Defendants. To secure the Obligations, each of the members of the Brown Media Group allegedly granted liens, encumbrances and security interests in substantially all of their respective assets in favor of the Lenders.

19. As a result, when the First Lien Credit Agreement closed, each member of the Brown Media Group had total obligations of at least $114,000,000, of which approximately $75 million represented the assumption by the Brown Media Group of the liability of the Other Debtors for which the Brown Media Group received no consideration.

20. As of the date of this Complaint, the time period within which the Committee was

5

granted authority pursuant to the Final Cash Collateral Order and the Final DIP Financing Order to commence an adversary proceeding or contested matter as provided for in such orders has not yet expired, and nothing in this Complaint shall constitute a waiver of any other or further claims, causes of action, remedies, or rights that the Committee or any of the Debtors may have against, or relating to, any of the Defendants, all of which are specifically reserved.

**AS AND FOR A FIRST CLAIM FOR RELIEF: AVOIDANCE OF THE OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550 OF THE BANKRUPTCY CODE AND SECTION 273 OF THE NEW YORK DEBTOR AND CREDITOR LAW**

21. The Committee hereby repeats and realleges paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. The Obligations assumed by Brown Media Group on or about September 19, 2007 constituted a conveyance by the Brown Media Group under New York's Debtor and Creditor Law.

23. The assumption of the Obligations and the granting of the liens, encumbrances and/or security interests on all of the assets of the Brown Media Group were without fair consideration and at the time the Obligations were assumed the Brown Media Group and each of its members were either insolvent or rendered insolvent thereby.

**AS AND FOR A SECOND CLAIM FOR RELIEF:  AVOIDANCE OF THE OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550 OF THE BANKRUPTCY CODE AND SECTION 274 OF THE NEW YORK DEBTOR AND CREDITOR LAW**

24. The Committee repeats and realleges paragraph 1 through 22 of this Complaint as if fully set forth herein.

25. The Obligations assumed by the Brown Media Group on or about September 19, 2007 constituted a conveyance by the Brown Media Group under New York's Debtor and Creditor Law.

26. The assumption of the Obligations <u>and</u> the granting of the liens, encumbrances and/or security interests on all of the assets of the Brown Media Group were without fair consideration and made at a time when the Brown Media Group was engaged and/or about to engage in a business or transaction for which the property in its hands after the conveyance was unreasonably small capital.

### AS AND FOR A THIRD CLAIM FOR RELIEF: AVOIDANCE OF THE OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550 OF THE BANKRUPTCY CODE AND SECTION 275 OF THE NEW YORK DEBTOR AND CREDITOR LAW

27. The Committee repeats and realleges paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. The Obligations assumed by the Brown Media Group on or about September 19, 2007 constituted a conveyance by the Brown Media Group under New York's Debtor and Creditor Law.

29. The assumption of the Obligations and the granting of the liens, encumbrances and/or security interests in all of the assets of the Brown Media Group were without fair consideration and at a time when the members of the Brown Media Group believed that they would incur debts beyond each one's ability to pay their debts as they matured.

### AS AND FOR A FOURTH CLAIM FOR RELIEF: AVOIDANCE AND RECOVERY OF THE OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550(a) OF THE BANKRUPTCY CODE AND THE NEW YORK DEBTOR AND CREDITOR LAW

30. The Committee repeats and realleges paragraph 1 through 29 of this Complaint as if fully set forth herein.

31. Pursuant to 11 U.S.C. § 550(a), to the extent that the Obligations are avoided under section 544 of the Bankruptcy Code, the Estates of the members of the Brown Media Group are entitled to recover, for the benefit of each Estate and its creditors, any property

transferred or if the Bankruptcy Court so determines, the value of the property, from the Defendants, including without limitation any funds transferred on account of the Obligations. The Committee is accordingly entitled to avoid, set aside, annul and recover on behalf of the Estates of each member of the Brown Media Group and for the benefit of each Estate's unsecured creditors, the Obligations, including without limitation, the liens granted thereby, in their entirety, and any funds transferred on account of the Obligations.

### AS AND FOR A FIFTH CLAIM FOR RELIEF: DENIAL OF ANY DISTRIBUTIONS TO DEFENDANTS AND DISALLOWANCE OF CLAIMS

32. The Committee hereby incorporates paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. In the event that the Obligations are avoided, the Defendants will not have an allowed claim against any of the members of the Brown Media Group or their Estates, and will not be entitled to any distributions from those Estates.

34. In the event that the Obligations are avoided, the Defendants will not have any basis on which to claim a lien or encumbrance on or security interest in any of the assets of the members of the Brown Media Group.

35. Accordingly, in the event that the Obligations are avoided, the Committee prays, on behalf of the Brown Media Groups' Estates', and for the benefit of all unsecured creditors, that the Defendants be denied any distributions from the Estates of the Brown Media Group and that the claims of the Defendants against the Brown Media Group debtors and their Estates be disallowed.

WHEREFORE, the Committee prays for the following relief:

A. On the First, Second, Third and Fourth Claims for Relief, that the Obligations and the liens, encumbrances or security interests granted to secure the Obligations be

avoided and nullified, that the liens granted by the Brown Media Group to the Defendants be preserved for the benefit of their Estates, and that the Defendants be required to remit to the Estates of each member of the Brown Media Group any funds transferred on account of the Obligations; and

    B.  On the Fifth Claim for Relief, that the Defendants claims against the Brown Media Group be disallowed and that the Court declare that the Defendants are not entitled to receive any distributions from any of the Estates of the members of the Brown Media Group; and

    C.  Such other and further relief as the Bankruptcy Court, in the exercise of its discretion, deems just and proper.

DATED:  New York, New York
      July 14, 2010

               **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A**.
               Attorneys for the Official Committee of
               Unsecured Creditors

               By: *s/* Michael D Warner
                 Michael D. Warner, Esq.
                 John H. Drucker, Esq.
                 Laurence May, Esq.
                 900 Third Avenue, 16th floor
                 New York, NY 10022-4728
                 (212) 752-8000
                 (212) 752-8393